**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **MARILYN LEVON LONDON,** | : | |
| | : | |
| **Appellant,** | : | |
| | : | |
| v. | : | **Case No. 5:26-CV-29-CAR** |
| **PNC BANK NATIONAL** | : | |
| **ASSOCIATION,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IFP ON APPEAL**

Appellant Marilyn Levon London, proceeding *pro se*, filed this bankruptcy appeal and moves to appeal *in forma pauperis* ("IFP"). As explained below, because Appellant fails to demonstrate a good faith basis for her appeal, Appellant's Motion to Appeal IFP [Doc. 2] is **DENIED**. Because Appellant's appeal lacks an arguable basis in law or fact, the Court **CERTIFIES** that any appeal from the Bankruptcy Court's Order is not taken in good faith. Thus, **THIS APPEAL IS DISMISSED**.

The Court must make two determinations when faced with an application to proceed IFP. First, it must determine whether the appellant is financially able to pay the filing fee required for an appeal. Next, the Court must determine if the appellant has satisfied the good faith requirement.

1

28 U.S.C. § 1915 governs IFP motions filed in federal court. The statute provides in part that

> (a)(1) any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

Thus, when presented with a motion to proceed IFP, the Court should first consider "whether the statements in the affidavit satisfy the requirements of poverty."[1] Here, the Court finds Appellant satisfies the poverty requirement.[2]

But a litigant's ability to file an appeal without paying court fees is limited by the statutory provision which provides that "an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."[3] "'[G]ood faith' … must be judged by an objective standard."[4] "Good faith is demonstrated where an appeal seeks appellate review of any issue not frivolous."[5] An issue "is frivolous if it is 'without arguable merit either in law or fact.'"[6] "Arguable means capable of being convincingly

---

[1] *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citations omitted).

[2] Bankruptcy Case No. 5:25-bk-51675 [Docs. 6 and 15].

[3] 28 U.S.C. § 1915(a)(3).

[4] *Coppedge v. United States*, 369 U.S. 438, 445 (1962)

[5] *Schmitt v. U.S. Office of Pers. Mgmt.*, Case No. 8:09-cv-943-T27EAJ, 2009 WL 3417866, *2 (M.D. Fla. Oct. 19, 2009) (quoting *Coppedge*, 369 U.S. at 445).

[6] *Napier v. Preslicka*, 314 f.3d 528, 531 (11th Cir. 2002) (citations omitted).

argued."[7] "[A] case is frivolous … when it appears the plaintiff 'has little or no chance of success."[8] "In deciding whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis … for the asserted wrong, however inartfully pleaded.'"[9]

Appellant has failed to demonstrate that her appeal is taken in good faith. Appellant, proceeding *pro se*, filed a voluntary Chapter 7 bankruptcy petition in the Bankruptcy Court for the Middle District of Georgia.[10] Creditor PNC Bank National Association ("PNC Bank") filed a Motion under 11 U.S.C. § 362(d)(1) seeking relief from the automatic stay to recover and dispose of a Mazda CX-5 in accordance with the Retail Installment Sale Contract Appellant entered into when she bought the vehicle and apply the proceeds to the debt.[11] PNC Bank is the servicer or holder of the loan, which is secured by the vehicle. Appellant defaulted on the loan, the account was charged off, and $23,997.00 is now due and owing. PNC Bank estimates the value of the vehicle is $17,125.00, and its lien is first priority with no information as to any other secured claims against the property. PNC Bank moved for relief from the automatic stay to recover the

---

[7] *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted).

[8] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted).

[9] *Sun*, 939 F.2d at 925 (citations omitted).

[10] Bankruptcy Case No. 5:25-bk-51675 [Doc. 1].

[11] *Id.* at Doc. 24.

vehicle arguing it is not adequately protected because there is little or no equity in the vehicle.

The Bankruptcy Court held a hearing on the motion which Appellant opposed. Appellant argued she was "tricked" into purchasing a defective vehicle. Appellant admitted she defaulted on her payments, her account was past due, and the vehicle was worth about $17,000.00. While she did not dispute that the balance due on the loan is $23,997.00, she claimed she did not owe the $23,997.00 balance because the vehicle had hidden electrical problems when purchased. The Bankruptcy Court explained that PNC Bank financed the vehicle, it did not sell Appellant the vehicle. And based on Appellant's admission that the payments are past due, the court found sufficient cause to lift the automatic stay. The court granted the motion under 11 U.S.C. §§ 362(d)(1) and 362(d)(2).

Appellant now appeals the bankruptcy court's decision reasserting her argument that the vehicle was defective at the time of purchase and contending the bankruptcy court judge showed favoritism and prejudices.[12] Appellant's arguments are meritless.

Section 362 of the Bankruptcy Code creates an automatic stay which enjoins creditor actions against the assets of the debtor's estate upon a filing of a bankruptcy petition under §§ 301, 302, and 303.[13] The statute provides that "on request of a party in

---

[12] Appellant also states that she owns another vehicle, a Chevrolet Trax, and she "claimed both cars in the exemption process." [Doc. ___].

[13] 11 U.S.C. § 362(a).

interest and after notice and a hearing, the court shall grant relief from the stay … by terminating, annulling, modifying, or conditioning" the stay.[14] The code establishes two general grounds for granting relief: "(1) for cause, including the lack of adequate protection of an interest in property of such party in interest," or (2) if the debtor does not have any equity in such property and the property is not necessary to an effective reorganization.[15] A creditor who shows either of these elements are met is entitled to relief.[16]

Here, the Bankruptcy Court did not err in finding PNC Bank established both elements. The record shows there is no equity in the vehicle because the debt on the car is higher than the value of the car. The debt is $23,997.00, and the value is about $17,000.00. Moreover, Appellant filed a Chapter 7 liquidation case, so no reorganization is anticipated. Appellant's arguments contesting the mechanical condition of the vehicle at the time of purchase are not relevant to PNC Bank's request for relief from the stay. As the secured creditor, PNC Bank holds a lien on the vehicle regardless of the mechanical condition. Whether a vehicle contains defects at the time of purchase does not change Appellant's contractual obligation to the lender. Any such claim would need to be pursued in state court, not the bankruptcy court.

---

[14] 11 U.S.C. § 362(d.

[15] *Id.*

[16] *See In re Bagwell,* 741 F. App'x 755, 759 (11th Cir. 2018) (citing *In re Albany Partners, Ltd.*, 749 F.2d 670, 673 (11th Cir. 1984)).

Appellant also states the Bankruptcy Judge showed "favoritism and prejudices," but she provides no explanation, and nothing in the record supports her argument. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*ie.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required … when no extrajudicial source is involved."[17] "Consequently, adverse rulings alone, either in the same or a related case, are insufficient to demonstrate a court's impartiality absent a showing of pervasive bias."[18]

Having reviewed the record, the Court concludes that Appellant's appeal lacks an arguable basis in law or fact. Therefore, Appellant's Motion to Appeal IFP [Doc. 2] is **DENIED**, and the Court **CERTIFIES** that any appeal from the Bankruptcy Court's Order is not taken in good faith. Thus, **THIS APPEAL IS DISMISSED**.

**SO ORDERED,** this 22nd day of April, 2026.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[17] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

[18] *Johnson v. Monaco*, 350 F. App'x 324, 327 (11th Cir. 2009).